UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ,

    Plaintiff,

vs.

WENDY'S INTERNATIONAL, LLC d/b/a
WENDY'S, D BLUMENTHAL and CHAD
CANTRELL TRUSTEES, and MAX
BLUMENTHAL,

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Wendy's International, LLC doing business as Wendy's, and Defendants D Blumenthal and Chad Cantrell Trustees and Max Blumenthal for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the

State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Wendy's International, LLC (also referenced as "Defendant Wendy's," "tenant," "operator," "lessee" or "co-Defendant") is an American international fast food restaurant chain which is registered in Florida as a limited liability company and which is the owner and operator of the "Wendy's" fast food restaurant located at 3600 South Dixie Highway, Miami, Florida 33133.

6. Defendants D Blumenthal and Chad Cantrell Trustees and Max Blumenthal (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") are joint owners of Folio 01-4121-002-1370, which is a commercial real property built out as a fast food restaurant.

## FACTS

7. At all times material hereto, the commercial space encompassing the commercial real property located at Defendant Landlords' 3600 South Dixie Highway, Miami, Florida 33133 has been leased to co-Defendant Wendy's (the lessee). The lessee in turn has operated its "Wendy's" fast food restaurant within that leased space.

8. Wendy's serves American style hamburgers, salads, shakes, drinks and desserts and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink."

Wendy's is also referred to as "restaurant" or "place of public accommodation."

9. At all times material hereto, the Defendant Wendy's was a company owning and operating fast food restaurants which are open to the public. Each of the Defendant's fast food restaurants, including the subject restaurant located at 3600 South Dixie Highway, is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. As the operator of restaurants which are open to the public, Defendant Wendy's is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11. As the owner of commercial real property which is operated as a restaurant open to the public, S Miami Retail BH LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

12. Due to the close proximity to Plaintiff's home to the 3600 S Dixie Highway Wendy's location, on November 18, 2020 Plaintiff went to the Wendy's with the intent of purchasing a meal and dining in the eating area located therein. As Plaintiff entered the parking lot with his wheelchair, Plaintiff noted that the slope of the parking lot does not have the proper landing size.

13. While Plaintiff purchased a meal, he was unable to enjoy dining at the restaurant in part because there is no reserved seating for persons who are handicapped and in a wheelchair.

14. Furthermore, the entrance door closed too fast on Plaintiff as he was perambulating into the restaurant, causing him much difficulty entering the restaurant, and the soda dispenser was too high for Plaintiff to independently fill his soda drink.

15.     On information and belief, Defendant Wendy's is well aware of the ADA and the need to provide for equal access in all areas of its fast food restaurants. On information and belief, Defendant Wendy's has defended itself in many ADA lawsuits and retains lawyers and law firms throughout the state of Florida and other jurisdictions.

16.     Therefore, Defendant Wendy's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its 3600 S Dixie Highway restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

17.     Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Wendy's) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Landlords).

18.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19.     Plaintiff continues to desire to patronize the Wendy's located at 3600 S Dixie Highway, but continues to be injured in that he continues to be discriminated against due to the architectural barriers and other to access, all which are in violation of the ADA.

20.     Any and all requisite notice has been provided.

21.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since the enactment of the ADA. As such, public accommodations and places of public accommodation have had adequate time for compliance.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited Wendy's in order to purchase a meal and dine therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when entering the restaurant, when filling his soda from the dispenser, and when attempting to sit at the indoor dining area to enjoy his meal. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Wendy's (lessee/operator of Wendy's) and Defendant Landlords (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42

5

U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Wendy's restaurant.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendant Landlords (owner/lessor) which houses the Wendy's is operated by Defendant Wendy's (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i. As to Defendant Wendy's (lessee/operator) and Defendant Landlords (owner/lessor of the property) (jointly and severally), failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

    ii. As to Defendant Wendy's (lessee/operator) and Defendant Landlords (owner/lessor of the property) (jointly and severally), failure to provide accessible means of

egress from the parking to the restaurant due to the slope of the parking lot, in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.

   iii. As to Defendant Wendy's (lessee/operator) and Defendant Landlords (owner/lessor of the property) (jointly and severally), the parking lot does not provide an accessible route (due to the failure of the parking area to have an accessible landing size) in violation of ASA Standards for Accessible Design Section 405.7 and in violation of C.F.R. Part 36, Section 4.3.2(2) which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site."

   iv. As to Defendant Wendy's (lessee/operator) and Defendant Landlords (owner/lessor of the property) (jointly and severally), failure to provide a front entrance door which is accessible pursuant to the 2010 ADA Standards for Accessible Design. In this instant case, the entrance door closing speed is too fast, causing the door to close on individuals attempting to enter or leave in a wheelchair, which is in violation Section 404.2.8.1 which states that door closers shall be adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and Section 404.2.8.2 which states that door spring hinges shall be adjusted so that from the open position of 70 degrees, the door shall move to the closed position in 1/5 seconds minimum.

   v. As to Defendant Wendy's (lessee/operator), failure to provide a soda drink dispenser positioned at an accessible height in violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 904.5.1 (self-service dispensing devices for beverages

are to comply with Section 308, specifically Obstructed high reach under 308.2.2.)

   vi.  As to Defendant Wendy's (the lessee and operator) and Defendant Landlords (owner/lessor) (jointly and severally), the restaurant dining did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 5.4 and 2020 ADA Standards for Accessible Design Section 902 and 903, which requires that all dining areas, including outdoor seating areas be accessible in clear floor/ground space, size and height.

 30. More access barrier violations may be present, which will be determined and proven through the discovery process.

 31. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Wendy's restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

 32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the restaurant until the requisite modifications are completed.

 **WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendants D Blumenthal and Chad Cantrell Trustees and Max Blumenthal (owner of the commercial property) and the lessee (operator of the Wendy's restaurant) Defendant Wendy's International, LLC and requests the following relief:

 a) The Court declare that Defendants have violated the ADA;

      b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

      c)      The Court enter an Order requiring Defendants to alter the commercial property and Wendy's fast food restaurant such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)      The Court award reasonable costs and attorney's fees; and

      e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 10th day of February, 2021.

                                            Respectfully submitted,

                                            */s/ J. Courtney Cunningham*
                                            J. Courtney Cunningham, Esq.
                                            J. COURTNEY CUNNINGHAM, PLLC
                                            FBN: 628166
                                            8950 SW 74th Court, Suite 2201
                                            Miami, Florida 33156
                                            Telephone: 305-351-2014
                                            Email: cc@cunninghampllc.com

                                            *Counsel for Plaintiff*